**No. 26-793**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

**MMAS RESEARCH LLC,**
*Plaintiff-Appellant,*

v.

**UNIVERSITY OF BRITISH COLUMBIA, MEDICATION ADHERENCE RESEARCH LLC, R. SCOTT WEIDE, CHAD W. MILLER, CHRIS AUSTIN, DONALD MORISKY, SUSAN MORISKY, PHILLIP MORISKY, and MARK ZIMMERMAN,**
*Defendants-Appellees.*

---

On Appeal from the United States District Court
for the Central District of California
Case No. 2:25-cv-01057-RGK-SK
The Honorable R. Gary Klausner, District Judge

---

# DEFENDANTS-APPELLEES' MOTION TO HOLD APPEAL IN ABEYANCE PENDING RESOLUTION OF MOTION FOR DEFAULT JUDGMENT IN RELATED PROCEEDINGS, OR IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO FILE ANSWERING BRIEF

---

## I.

## INTRODUCTION

Defendants-Appellees Morisky Medication Adherence Research LLC ("MMAR"), F. Christopher Austin, Chad W. Miller, R. Scott Weide, Donald Morisky, Susan Morisky, and Phillip Morisky (collectively, "Defendants-Appellees") respectfully move this Court for an order holding this appeal in abeyance pending the resolution of a motion for default judgment in the related

action, *Morisky v. MMAS Research LLC, et al.*, No. 2:21-cv-01301-RSM (W.D. Wash.) (the "Washington Lawsuit"), the very same prior-filed action on which the district court below relied in dismissing Plaintiff-Appellant's claims under the first-to-file rule.

In the alternative, Defendants-Appellees request a 60-day extension of time to file their answering brief, from the current due date of July 1, 2026, to September 1, 2026 (a Monday), pursuant to Federal Rule of Appellate Procedure 26(b) and Circuit Rule 31-2.2(b).

This is Defendants-Appellees' first request for any extension of time. No streamlined extension under Circuit Rule 31-2.2(a) has been sought or granted.

## II.

## BACKGROUND

### A. The District Court Proceedings and This Appeal

On February 6, 2025, Plaintiff-Appellant MMAS Research LLC ("MMAS Research") filed this action in the Central District of California against Defendants-Appellees and others, asserting claims for breach of a copyright license agreement, violation of the Digital Millennium Copyright Act, trade secret misappropriation, willful copyright infringement, and intentional interference with contractual relations. (ECF No. 1; see also First Amended Complaint (FAC), ECF No. 87.) The core of MMAS Research's claims was its assertion that it, not Dr. Donald Morisky, is the rightful owner of the Morisky Widget software copyright and associated intellectual property.

On August 25, 2025, Judge Klausner granted Defendants-Appellees' motion to dismiss under Rule 12(b)(6), finding that the first-to-file rule required deference to the Washington Lawsuit, which had been filed on September 24, 2021, more than three years before this action. (ECF No. 156.) The court found that the two actions involved substantially similar parties and issues, with both cases asking "who the

rightful owner of the Morisky Widget is." (ECF No. 156 at 7.) MMAS Research appealed.

In its opening brief, filed April 16, 2026 (DktEntry 14), MMAS Research argues that the district court abused its discretion by dismissing under the first-to-file rule because, among other things, the Washington Lawsuit's "jurisdictional predicate has collapsed." (Opening Br. at 7.) Subsequent events have confirmed exactly the opposite.

### B. <u>The Entry of Default in the Washington Lawsuit</u>

On April 21, 2026, just five days after MMAS Research filed its opening brief in this appeal, the Honorable Ricardo S. Martinez of the Western District of Washington entered an order of default against MMAS Research LLC, Steven Trubow, Polina Feilbach, MMAS Research Italy SRL, and MMAS Research France SAS as a case-terminating sanction for willful and repeated violations of court orders, the Federal Rules of Civil Procedure, and Local Rules. (*Morisky*, No. 2:21-cv-01301-RSM, ECF No. 324.) The Clerk entered default the following day. (*Id.*, ECF No. 325.)

The sanctions order was the culmination of years of escalating remedial measures that failed to secure MMAS Research's compliance. The district court had previously imposed monetary sanctions of $82,877.40, dismissed MMAS Research's counterclaims with prejudice, limited its ability to present certain defenses at trial, and entered adverse inference instructions—none of which curbed MMAS Research's pattern of noncompliance. (*Id.*, ECF No. 319 at 2–3; ECF No. 324 at 2–4.) Judge Martinez concluded that no lesser sanction would suffice and ordered entry of default under the *Leon v. IDX Systems Corp.'s* five-factor framework. (*Id.*, ECF No. 324 at 4–5.)

Per the orders of the court, plaintiff in the Washington Lawsuit filed a motion for default judgment on June 10, 2026 (*Id.*, ECF No. 324 at 5; Wash. ECF No. 332)

and a proposed order on June 17, 2026 (Wash. ECF No. 336-1). The Washington court has since resolved the briefing schedule: MMAS Research's opposition is due July 21, 2026, capped at 7,500 words, and the motion for default judgment has been re-noted for July 27, 2026. (Wash. ECF No. 342.) A ruling is unlikely before late August or September 2026 at the earliest.

## III.

## THIS APPEAL SHOULD BE HELD IN ABEYANCE

This Court has inherent authority to manage its docket in the interest of judicial economy, including the power to hold an appeal in abeyance pending related proceedings. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Three considerations warrant abeyance here.

**First, the proposed default judgment would moot this appeal, and it does so claim by claim.** Since this motion was first prepared, the Washington court has received a fully briefed motion for default judgment (Wash. ECF No. 332) and a 29-page proposed order containing Findings of Fact, Conclusions of Law, and Judgment (Wash. ECF No. 336-1). The mootness case is no longer speculative; the proposed order makes it concrete and unavoidable.

All five of MMAS Research's claims in the underlying action (breach of contract, DMCA violations, trade secret misappropriation, copyright infringement, and tortious interference) rest on the assertion that it, not Dr. Morisky or his successor-in-interest MMAR, owns the Morisky Widget copyright and associated intellectual property. The proposed order directly forecloses that assertion. It enters a declaratory judgment that Morisky and MMAR are the "sole and exclusive owners of all copyright interests" in the MMAS-4, MMAS-8, and Morisky Widget, and orders the Widget copyright transferred to Morisky and MMAR "by operation of law, effective immediately upon entry." (Wash. ECF No. 336-1, Conclusions of Law

¶¶ 64, 69.) Once that copyright transfers, MMAS Research loses standing to maintain its copyright infringement claim (FAC Count IV). *See Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005) (en banc). The proposed order's findings that the Widget is a derivative work of Morisky's copyrighted instruments and that MMAS Research held the Widget copyright "in constructive trust for Plaintiff as equitable owner" from the moment of its CR2A breach (Wash. ECF No. 336-1, Conclusions of Law ¶¶ 62, 65) eliminate the ownership predicate for the DMCA and trade secret claims (FAC Counts II–III) as well. On breach of contract, the proposed order finds the CR2A Agreement "a valid, binding written contract," that Morisky "fully performed," and that MMAS Research "breached in every material respect": the precise inverse of MMAS Research's breach theory in this action (FAC Count I). (*Id.* ¶ 56.) And two provisions of the proposed order complete the mootness analysis regardless of claim-specific breakdowns: it assigns to Morisky and MMAR "all claims, causes of action, and choses in action arising from the Morisky Intellectual Property" (*id.* ¶ 72), and authorizes an anti-suit injunction barring MMAS Research from prosecuting "litigation in another court" where the Washington court's IP ownership adjudication "is directly dispositive of MMAS Research's standing to bring such claims"; that description fits this appeal precisely. (*Id.* ¶ 73.)

**Second, the proposed order addresses and forecloses MMAS Research's principal appellate argument.** MMAS Research's opening brief argues that the Washington Lawsuit's "jurisdictional predicate has collapsed" and that the first-to-file rule therefore should not have been applied. (Opening Br. at 7–10.) The proposed order is the definitive rebuttal. It finds the CR2A Agreement "a valid, binding written contract under Washington law," that the absence of a "Final Agreement" excuses none of MMAS Research's CR2A obligations, and that Defendants' prevention of the Final Agreement process by sabotaging the Appointed Decider

mechanism bars them from invoking its absence as an excuse. (Wash. ECF No. 336-1, Conclusions of Law ¶¶ 56–59.) The proposed order also specifically addresses the unpublished *MMAS Research v. Charité* decision that MMAS Research invokes in this appeal, finding that it "never adjudicated whether MMAS Research was entitled to retain that [Widget] registration as against Plaintiff," and that the Widget ownership question is "precisely the question this Court resolves here." (*Id.* ¶ 66.) A judgment adopting these findings would confirm that the Washington Lawsuit has not "collapsed" but has instead produced a comprehensive adjudication of the very dispute the district court below correctly deferred to it.

**Third, abeyance serves judicial economy.** Full briefing of this appeal will require substantial resources from both the parties and the Court. If the appeal becomes moot within weeks or months of the answering brief deadline, those resources will have been wasted. An abeyance, with periodic status reports, avoids this waste while preserving MMAS Research's right to pursue the appeal if the default judgment motion is denied.

Defendants-Appellees propose that this appeal be held in abeyance with a status report due 90 days from the date of the Court's order, or within 14 days of the district court's ruling on the motion for default judgment, whichever occurs first. If default judgment is granted, Defendants-Appellees will promptly move to dismiss this appeal as moot. If the motion is denied, briefing can be re-calendared at that time.

/ / /

/ / /

/ / /

/ / /

**IV.**

## IN THE ALTERNATIVE, THE ANSWERING BRIEF DEADLINE SHOULD BE EXTENDED BY 60 DAYS

If the Court declines to hold this appeal in abeyance, Defendants-Appellees respectfully request a 60-day extension of time to file their answering brief, from July 1, 2026, to September 1, 2026.

Circuit Rule 31-2.2(b) requires a showing of "diligence and substantial need." Both are satisfied here.

**Diligence.** This is Defendants-Appellees' first request for any extension of time to file the answering brief. No streamlined extension under Circuit Rule 31-2.2(a) has been sought. Defendants-Appellees' counsel has been actively litigating the Washington Lawsuit. Counsel has exercised diligence throughout these proceedings.

**Substantial Need.** The substantial need for this extension rests on three grounds.

**First,** the motion for default judgment pending in the Washington Lawsuit may render this appeal moot. A default judgment would adjudicate the ownership of the Morisky copyrights—the central issue in this appeal—and would eliminate MMAS Research's standing to maintain its claims. Briefing the answering brief before the district court rules would potentially waste the resources of this Court and the parties.

**Second,** the timeline of the Washington Lawsuit makes a 60-day extension necessary to allow the district court adequate time to act. The motion for default judgment was filed June 10, 2026. The Washington court has since resolved the briefing schedule: MMAS Research's opposition is due July 21, 2026, and the motion for default judgment is now re-noted for July 27, 2026. (Wash. ECF No. 342.) A ruling is unlikely before late August or September 2026. A 30-day extension to August 1, 2026, would be insufficient.

**Third,** Defendants-Appellees' counsel has not had adequate time to attend to this matter due to the obligations over the past month to prepare the motion for default judgment and proposed order in the Washington Lawsuit, which involves complex issues of copyright ownership, license termination, and damages. This has created a genuine conflict in counsel's litigation schedule that is compounded by the likelihood that the default judgment motion will eliminate the need for the answering brief altogether.

## V.

## CONCLUSION

For the foregoing reasons, Defendants-Appellees respectfully request that this Court (1) hold this appeal in abeyance pending resolution of the motion for default judgment in *Morisky v. MMAS Research LLC*, No. 2:21-cv-01301-RSM (W.D. Wash.), with a status report due within 90 days or within 14 days of the district court's ruling, whichever comes first; or (2) in the alternative, extend the deadline to file their answering brief from July 1, 2026, to September 1, 2026.

Dated: June 24, 2026

Respectfully submitted,

By: */s/ F. Christopher Austin*

F. Christopher Austin
LEX TECNICA, LTD.
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Phone: (725) 239-8413
chris@lextecnica.com

*Attorney for Defendants-Appellees Morisky Medication Adherence Research LLC, F. Christopher Austin, Chad W. Miller, R. Scott Weide, Donald Morisky, Susan Morisky, and Phillip Morisky*

## DECLARATION IN SUPPORT OF MOTION UNDER CIRCUIT RULE 31-2.2(b)

I, F. Christopher Austin, declare under penalty of perjury as follows:

1. I am counsel of record for Defendants-Appellees in the above-captioned appeal. I am a member of the bar of this Court.

2. I request an extension of time to file the **answering** brief, in the alternative to the primary request that this appeal be held in abeyance.

3. The brief's current due date is: **July 1, 2026.**

4. The brief's first due date was: **July 1, 2026.**

5. On April 21–22, 2026, the United States District Court for the Western District of Washington entered default against MMAS Research LLC and its principals in *Morisky v. MMAS Research LLC*, No. 2:21-cv-01301-RSM (W.D. Wash.), the same prior-filed action that formed the basis for the district court's dismissal below of this case under the first-to-file rule. A motion for default judgment is due on June 5, 2026, with opposition and reply briefing to follow.

6. A default judgment would adjudicate the ownership of the Morisky copyrights—the central issue in this appeal—and would likely moot this appeal entirely.

7. The anticipated briefing schedule on the default judgment motion means that a ruling is unlikely before late August or September 2026. A 60-day extension to September 1, 2026, is necessary to avoid the waste of party and judicial resources that would result from full appellate briefing on an appeal that may soon become moot.

8. I am also counsel in the Washington Lawsuit and have been unable to attend to the preparation of an answering brief in this appeal for the past month due to prepare and file the motion for default judgment, proposed order, and related

filings in the Washington Lawsuit. The simultaneous preparation of both a dispositive motion and an answering brief on overlapping issues creates a genuine conflict in my litigation schedule.

9. This motion is opposed by Appellant and is unopposed by all Appellees.

10. The court reporter is not in default with regard to any designated transcripts.

11. I have exercised diligence and I will file the brief within the time requested.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 24, 2026

*/s/ F. Christopher Austin*
F. Christopher Austin

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2026, I electronically filed the foregoing motion with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ F. Christopher Austin*
F. Christopher Austin